# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST K<br><br>    PLAINTIFF<br><br>v.<br><br>WILLIAM N. COCHRAN<br><br>    DEFENDANT(S) | CIVIL ACTION NO: |

## COMPLAINT FOR FORECLOSURE

NOW COMES Plaintiff, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K by and through its attorneys, Korde & Associates, P.C., and complains against Defendant pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### JURISDICTION AND VENUE

1.  This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. Plaintiff Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K is a Delaware Statutory Trust with a Trustee with a principal place of business located at WSFS Bank Center, 500 Delaware Avenue, Wilmington, DE 19801.

4. Defendant William N. Cochran is an individual with a last known address of 22 Marie Street, Winslow, ME 04901.

## FACTS

5. William N. Cochran is the owner of certain real property located at 22 Marie Street, Winslow, ME, by virtue of a deed from Paul B. Manson and Delia L. Manson to William N. Cochran dated June 6, 2014 and recorded in the Kennebec County Registry of Deeds on June 9, 2014 in Book 11709, Page 18.

6. On June 6, 2014, William N. Cochran executed and delivered to People's United Bank a certain promissory note in the original principal amount of $134,900.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

7. Plaintiff is entitled to enforce the Note, as People's United Bank executed an endorsement payable to Wells Fargo Bank, N.A. appearing on the original Note, which executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note.

8. Plaintiff certifies that the owner of the Note is Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K.

9. To secure the Note, William N. Cochran granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for People's United Bank, its successors and assigns, in the amount of $134,900.00 dated June 6, 2014 and recorded on June 9, 2014 in the Kennebec County

Registry of Deeds in Book 11709, Page 20 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

10. The property secured by the Mortgage is known as 22 Marie Street, Winslow, ME 04901, and is more particularly described in the Mortgage (the "Premises").

11. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for People's United Bank, its successors and assigns, to Wells Fargo Bank, N.A. dated July 29, 2020, and recorded on July 29, 2020 in Book 13649, Page 192. A copy of the Assignment is attached in Exhibit C.

12. The Mortgage was assigned by Assignment from Wells Fargo Bank, N.A. to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K, dated April 5, 2021, and recorded on April 6, 2021 in Book 13956, Page 189. A copy of the Assignment is attached in Exhibit C.

13. The Mortgage was assigned by Quitclaim Assignment from People's United Bank to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K, dated January 3, 2023, and recorded on January 13, 2023 in Book 14676, Page 112. A copy of the Assignment is attached in Exhibit C.

14. Defendant William N. Cochran is presently in default on the Note and due for the monthly payment due September 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage.

15. By letter dated January 25, 2023, notice was provided that the Note was in default and of the right to cure the default. A copy of the notice is attached hereto as Exhibit D.

16. The notice was given on January 25, 2023 by first class mail, postage prepaid with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested,

and therefore have expired.

17. The default has not been cured and, in accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

18. As of March 14, 2023, the following amounts are due and payable to Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $114,182.07 |
| Accrued Interest | 7,163.08 |
| Late Charges | 177.59 |
| Property Inspection Fees | 140.00 |
| Escrow Advance | 5,802.50 |
| Suspense Balance (credit) | (103.08) |
| FC Attorney Fees | 1,185.00 |
| RD Premium Due | 333.18 |
| Certified Mail | 0.57 |
| Title Fees | 250.00 |
| Total | $129,130.91 |

Additional interest is accruing on said principal balance from said date at a rate of $12.122 per day.

19. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

## COUNT I - FORECLOSURE

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure and title to real estate located at 22 Marie Street, Winslow, Kennebec County, Maine 04901. See Exhibit B.

22. Plaintiff is entitled to enforce the Note, as People's United Bank executed an endorsement payable to Wells Fargo Bank, N.A. appearing on the original Note, which executed

an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note. See Exhibit A.

23. Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage and any assignments.

24. Plaintiff, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust K, is the current owner of the Mortgage and Note.

25. Plaintiff is the party entitled to collect the debt evidenced by said Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

26. Defendant, William N. Cochran, is presently in default on the Note and due for the monthly payment due September 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage and the Note.

27. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

28. The total amount due on the Note and Mortgage as of March 14, 2023 is $129,130.91.

29. Notice was sent in compliance with 14 M.R.S. § 6111 on January 25, 2023, as evidenced by a copy of the notice, proof of certified mail and the certificate of mailing attached hereto as Exhibit D.

30. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

31. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

32. Defendant, William N. Cochran, is not in the military as defined under the

Servicemembers Civil Relief Act.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C. Find William N. Cochran liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

D. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

E. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

F. Grant such other and further relief as the Court may determine proper.

Respectfully submitted,

Dated:  3/14/23            By: */s/ Carrie Folsom*
                               Carrie Folsom, Esq. #9510
                               Attorney for Plaintiff
                               KORDE & ASSOCIATES, P.C.
                               707 Sable Oaks Dr., Suite 250
                               South Portland, ME 04106
                               (207) 775-6223 x25032
                               CFolsom@kordeassociates.com
                               MEFednotices@kordeassociates.com